UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| CAMBRIDGE PLACE GROUP, LLC, *et al.*, | ) ) ) | Case No. 5:22-cv-00112-GFVT |
| Petitioners, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION & ORDER** |
| LEE SAINT MARTIN, | ) ) | |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In September 2023, the Court denied Respondent Lee Saint Martin's Motion to Dismiss and granted the Petitioners' Motion to Compel to Arbitration.  [R. 21.]  Respondent Saint Martin now asks the Court to alter or amend its decision pursuant to Federal Rule of Civil Procedure 59(e), which provides a party relief where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.  *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999).  For the reasons that follow, the Court **GRANTS** the Respondent's Motion to Amend.

**I**

The facts of the above-styled dispute are thoroughly detailed in the Court's previous opinion on the Respondent's motion to dismiss.  [*See* R. 21.]  To summarize, in 2013, Lee Saint Martin signed a "Durable Power of Attorney" (POA) designating his brother, Alvin Wilson, as his attorney-in-fact.  [R. 1-4.]  In February 2021, Cambridge Place, a long-term care facility in Lexington, Kentucky, admitted Mr. Saint Martin as a resident. [R. 11-1 at 1; R. 12 at 1.]  At that time, Mr. Wilson signed an agreement on Mr. Saint Martin's behalf that required Cambridge

Place and Mr. Saint Martin to resolve any claims for violations of tort law or statutory duties via arbitration. [R. 1-2 at 2.]

In February 2022, Mr. Saint Martin sued Cambridge Place, Jay Frances, and Kimberly Smith in Fayette Circuit Court for negligence and violation of his statutory rights as a resident of a long-term care facility in Kentucky. [R. 1-3 at 3–4, 7, 14.] On May 2, 2022, Cambridge Place, Mr. Frances, and Ms. Smith filed the instant motion to compel arbitration pursuant to Section Four of the Federal Arbitration Act. [R. 1.]

This Court held in its September 26, 2023, Opinion and Order that Mr. Saint Martin's POA authorized Mr. Wilson to sign the Arbitration Agreement in this matter, effectively dismissing this action. The Respondent now asks the Court to alter or amend its Opinion & Order because the Court "omitted the important limiting term 'tangible' from the language of the POA." [R. 22 at 1.] The Respondent likewise asks the Court to deny the Petitioners' Motion to Compel Arbitration under Fed. R. Civ. P. 59(e). *Id.*

## II

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice. *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999). Notably, a motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Further, a "manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Whether to grant or deny a Rule 59(e) motion is generally a matter within the district court's sound

discretion.  *See Engler*, 146 F.3d at 374.

The Respondent maintains the Court erred in its prior Motion to Dismiss ruling by omitting the word "tangible" from the language of the POA document.  [R. 22 at 1.]  In omitting the word "tangible," the Court improperly reached the conclusion that Mr. Wilson, as the POA, was within his power to sign an arbitration agreement on behalf of Mr. Saint Martin.  [R. 22 at 3.]  Thus, the Court ultimately granted the Petitioner's Motion to Compel Arbitration.  [R. 21.]  After review, the Court agrees with the Respondent.

The Court's analysis in its prior Opinion and Order [R. 21] holds true, except for the conclusion that "Mr. Saint Martin's grant of authority over his personal property brings arbitration within the scope of the document."  *Id.* at 30.  A personal injury claim is a "chose-in-action," which is essentially a right to demand money or property by an action, or a right that cannot be enforced without action.  *Kindred Nursing Centers Limited Partnership v. Wellner*, 533 S.W.3d 189, 194 (Ky. 2017).  Generally, a chose-in-action is considered intangible personal property.  *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 275 (2008).  Therefore, Mr. Wilson was not granted the power under the POA to enter into the arbitration agreement, as he was only granted the power to "sell, exchange, convey . . . or otherwise dispose of *tangible* personal property," of which a personal injury claim is not.  [R. 22-1 at 2.]

The Petitioners first argue that the Respondent does not meet the Rule 59(e) standard.  [R. 24 at 3.]  The Respondent's request is grounded in the need to prevent manifest injustice.  Although no general definition exists, manifest injustice has previously been described as "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *Hazelrigg v. Kentucky*, 2013 WL 3568305, at *1 (E.D. Ky. July 11, 2013) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No.

04–2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007).  The Court finds that such a circumstance exists here.

Second, the Petitioners argue that the Court properly considered the "tangible" language. [R. 24 at 4.]  While the Court did consider the "tangible" language in reaching its initial conclusion, upon further review of the record, the Court reaches a different conclusion.  Despite the Petitioners' argument to the contrary, broad statements of general authority, such as Article V, "must be read within the context of [] specific areas of authority," which can be found in Article IV.  [R. 21 at 28.]  Accordingly, the inclusion of "tangible" in front of "personal property" cabins the authority of Mr. Wilson to "tangible personal property," which precludes Mr. Wilson from binding Mr. Saint Martin to arbitrate his personal injury claims.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Respondent's Motion to Amend **[R. 22]** is **GRANTED**;

2. The Court's Opinion and Order at **[R. 21]** is **VACATED IN PART**;

3. The corresponding Judgment at **[R. 25]** is **VACATED**;

4. The Petitioners' Motion to Compel Arbitration **[R. 1]** is **DENIED**;

5. The Respondent's Motion to Dismiss **[R. 11]** is **GRANTED**;

6. This is a final and appealable order;

7. This matter is **STRICKEN** from the Court's active docket; and

8. Judgment will be entered contemporaneously herewith.

This the 16th day of September, 2024.

Gregory F. Van Tatenhove
United States District Judge